## City of Waukegan v. John Sturm.

### Gen. No. 4,417.

1. SAFE PLACE TO WORK—*master's duty to provide.* It is the duty of the master to use reasonable diligence to provide a safe place for his servants to work in, and this duty extends not only to such risks as are known to him but also to such as in the exercise of due diligence he ought to know of.

2. CONTRIBUTORY NEGLIGENCE—*when instruction as to, proper.* An instruction is proper which tells the jury that "even if they believe from the evidence that the plaintiff had some knowledge of the danger," still if in obeying the order of his master's foreman he acted with the degree of care and caution which an ordinarily prudent man would exercise under like circumstances, he would not be guilty of negligence.

Action on the case for personal injuries. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

PERRY L. PERSONS, City Attorney, for appellant; CHARLES WHITNEY, of counsel.

ORVIS & EDWARDS, for appellee; SMOOT & EYER, of counsel.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Appellee while working for appellant as a laborer was injured by the caving in of the bank or side of a ditch, from the bottom of which he was throwing out dirt. The ditch was cut for the purpose of lowering the water mains of appellant deeper in the earth, and was about six feet deep at the place of the injury, and at that place its walls were not shored or braced to prevent their falling in. Appellee testified he was a truck farmer by occupation and had never worked in ditches until he began work for appellant about one week before the accident.

On the day he was injured, the man who was acting as foreman for appellant, ordered appellee from a place where he was working to the place of the accident. Appellee testified that when the foreman told him to step into the ditch and throw the dirt out, he was afraid it would cave in and did not want to do so; that " it looked kind of bad," but the foreman told him it was all right, "just like a block and won't cave in;" that he did not know anything different and relying upon the assurance of the foreman, he went into the ditch and a few minutes afterward the bank on one side caved in and seriously injured him.

The evidence offered by appellee as to the circumstances of his injury consisted of his own testimony and that of two witnesses, Wachenfeld and McVennon. The latter testified he was present at the time appellee was ordered into the ditch and when the bank caved in. He says there was no protection to the walls of the ditch and he knew it was dangerous, but whether this knowledge was gained from having worked at the place before appellee came there is not stated. He was there when appellee came and

may have had occasion and opportunities to observe the conditions which appellee had not. He testified that when appellee was told to get in the ditch, he said he did not like to do so and asked the foreman if he 'thought it was safe, to which inquiry the foreman replied, " as safe and solid as a rock," and thereupon appellee went into the ditch and in a very short time was injured. Wachenfeld testified he was present when the foreman told appellee to get in the ditch and throw the dirt out; that he and McVennon were on top to throw the dirt back from the ditch; that the foreman said it was liable to cave in and ought to be braced up and cautioned appellee to be careful; that he heard appellee say in substance he did not think it was safe and that he told witness and McVennon to throw the dirt back and keep it away from the ditch as it was liable to cave in.

The foregoing we believe to be the substance of the most material parts of the evidence. At the conclusion of the plaintiff's testimony, appellant moved the court to direct a verdict in its favor, which motion was denied. Appellant refusing to offer any testimony, the cause was submitted to the jury on appellee's evidence. The jury returned a verdict for appellee for $1,200. After a remittitur by him of $200, the court overruled a motion for a new trial and rendered judgment on the verdict.

The only questions discussed in appellant's brief, and therefore the only ones we need notice, are as to the sufficiency of the evidence to justify the verdict and judgment, and the giving of one instruction for appellee and the refusal of one asked by appellant.

On the first proposition appellant's position is, that appellee knew of the dangerous condition of the bank and therefore assumed the risk of being injured while working in the ditch, or was guilty of such contributory negligence as to bar a recovery. Just what, if any, physical appearances there were that indicated danger, except that the frost was just coming out of the ground and the sides of the ditch were not braced, does not appear from the testimony as ab-

stracted. There is certainly nothing in the evidence that would justify us in holding the danger was so apparent and obvious that ordinary prudence would have required appellee to refuse to obey the foreman's order to get in the ditch and throw the dirt out. Neither do we think the evidence shows appellee had actual knowledge of the danger. According to his testimony and that of McVennon, he feared it was not safe and inquired of the foreman about it. The foreman assured him it was safe, and relying upon this assurance, he entered the ditch. So far as the appearances and conditions are shown by the weight of the evidence, we think appellee had a right to rely upon the judgment and assurances of the foreman, and that in obeying his orders he was not guilty of such contributory negligence as would bar a recovery.

It is the duty of a master to use reasonable diligence to provide a safe place for his servants to work in, and this duty extends not only to such risks as are known to him, but also to such as, in the exercise of due diligence, he ought to know of. Illinois Steel Co. v. Schymanowski, 162 Ill. 447.

In the City of LaSalle v. Kostka, 190 Ill. 130, a case very similar in its facts to this, the Supreme Court quoted with approval from Pantzer v. Tilly-Foster Iron Mining Co., 99 N. Y. 376, the following: "The rule that the servant assumes the ordinary risks incident to the business presupposes that the master has performed the duties of caution, care and vigilance which the law casts upon him. It is these risks alone, which cannot be obviated by the adoption of reasonable measures of precaution by the master, that the servant assumes."

In Illinois Steel Co. v. McFadden, 196 Ill. 344, it was said: "A servant ordered by one in authority to do a dangerous act is not required to balance the degree of danger and decide with absolute certainty whether he may safely do the act, and, even if he had knowledge of such danger, it would not defeat a recovery for injury, if, in observing his master's commands, he acted with that degree of prudence which an ordinarily prudent man would have used

'under the same circumstances." In Western Stone Co. v. Muscial, 196 Ill. 382, the court say: "The master and servant in such case are not altogether upon a footing of equality. The servant's duty is mere obedience, and when acting under an order he assumes no risk unless he acts recklessly in obeying it. Whether he acted thus recklessly or whether he acted as a reasonably prudent person should act, are questions of fact to be determined by the jury."

In Barnett & Record Co. v. Schlapka, 208 Ill. 426, the court say: "He (appellee) was not required by law to make an investigation for the purpose of learning the nature of the soil and the danger, if any, resulting therefrom. He could not close his eyes to open and obvious dangers, but he had a right to presume that the master had performed its duty by using ordinary care to provide him a place reasonably safe in which to work, and it was not his duty to make an examination for the purpose of discovering whether there were latent or hidden dangers." See also Ill. Steel Co. v. Ryska, 200 Ill. 280.

In our opinion, notwithstanding Wachenfeld's testimony was not in harmony with that of appellee and McVennon in some material features, the verdict is supported by the weight of the evidence as well as by the law.

Complaint is made of the first instruction given for appellee because it told the jury that "even if they believed from the evidence that plaintiff had some knowledge of the danger," still if, in obeying the order of appellant's foreman, he acted with the degree of care and caution which an ordinarily prudent man would exercise under like circumstances, he would not be guilty of negligence. An instruction to the same effect was approved by the Supreme Court in Barnett & Record Co. v. Schlapka, *supra*. It necessarily follows that the court properly refused the instruction asked by appellant that if appellee "had any knowledge or suspicion" that the work was dangerous, he could not recover.

Believing there is no error in this record, the judgment is affirmed.

*Affirmed.*