LOUIS A. CELLA *et al.*

*v.*

CHICAGO AND WESTERN INDIANA RAILROAD COMPANY.

*Opinion filed October 24, 1905.*

1. EMINENT DOMAIN—*action on a motion to dismiss—how pre-
sented.* Action upon a motion to dismiss a condemnation petition
upon the ground that the petitioner's power was restricted by cer-
tain ordinances and written acceptances offered in support of such
motion, can be preserved for review only by a bill of exceptions
settled at the term when the action was taken or within such time
as the parties may have agreed, as shown by the record, or as may
have been allowed by the court at that term by its order of record.
(*Guyer* v. *D., R. I. & N. W. Ry. Co.* 196 Ill. 370, followed.)

2. APPEALS AND ERRORS—*when matters will be expunged from
bill of exceptions.* Matters relating to questions arising in a con-
demnation proceeding prior to the submission of the case to the
jury will be expunged from a bill of exceptions which was pre-
sented and signed at a term subsequent to which the action on such
matters was taken, where there is nothing in the record to show
that the parties had consented to the signing of the bill at the sub-
sequent term or that the court had entered an order at the former
term permitting the bill to be presented and signed at the subse-
quent term.

3. SAME—*matters arising before trial are not ground for motion
for new trial.* A motion for new trial can be grounded only upon

alleged errors occurring during the course of the trial, and not upon alleged errors regarding motions upon the pleadings or other matters arising before the trial is entered upon.

4. SAME—*when motion in arrest of judgment does not preserve action for review.* A motion in arrest of a condemnation judgment does not preserve for review the action of the court in denying a motion to dismiss the petition, based upon alleged restrictions of the petitioner's power shown by certain ordinances, and acceptances thereof, offered in support of the motion, since only such errors as appear or should appear on the face of the record can be urged in arrest of judgment.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is a petition for condemnation, filed on May 23, 1902, in the superior court of Cook county by the appellee railroad company against one John G. Cella, the owner of the property sought to be condemned. During the pendency of the proceeding, to-wit, in September, 1903, John G. Cella died, and, his death having been suggested, the appellants, his heirs, were made parties defendant to the petition. The property, sought to be condemned, consists of two lots, having a frontage of twenty feet each on the east line of Third avenue in the city of Chicago, and extend eastward one hundred feet to an alley, and are situated in the territory bounded on the north by Polk street, on the west by Third avenue, on the south by Twelfth street, and on the east by State street in that city.

After the jury was called into the jury box and before the jury was examined, selected or sworn, a motion was made by appellants, respondents below, to dismiss the petition. Certain ordinances were introduced in evidence in support of the motion to dismiss, but the motion was overruled, and exception was taken to the action of the court in overruling it by the appellants. A jury was then called, and the trial proceeded upon the merits for the purpose of determining the amount of compensation to be paid for the property

sought to be condemned. On November 12, 1904, the jury returned its verdict, awarding, as just compensation for the property in question, the sum of $60,131.50. The respondents below entered a motion for new trial, and subsequently withdrew the same, and filed a motion in arrest of judgment and their objections to the entry of judgment on the verdict, which motion and objections were overruled, and exceptions were taken. Thereafter, on December 19, 1904, judgment of condemnation was entered, providing that, upon paying into the county treasury for the benefit of respondents the sum above named, the petitioner, the appellee herein, might forthwith enter upon the property in question. The present appeal is prosecuted from such judgment of condemnation.

R. S. THOMPSON, for appellants.

EDGAR A. BANCROFT, (WILLIAM J. HENLEY, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Appellee has filed its motion in this court to expunge from the record that part of the bill of exceptions, which relates to matters preliminary to the trial by the jury. Appellee's motion to dismiss the petition for condemnation was made at the October term, 1904, of the superior court of Cook county, and was overruled on November 2, 1904, the latter day being also one of the days of the October term, 1904, of said court. No bill of exceptions was taken or filed to the overruling of the motion to dismiss at the October term, nor was any leave granted for time for settling the bill of exceptions until December 19, 1904, being one of the days of the December term, 1904, of said court.

The motion to dismiss the petition was based upon the alleged ground that the petitioner, the appellee company, had no authority to condemn the property sought to be

taken. In support of the motion to dismiss, the appellants below introduced two ordinances passed by the common council of the city of Chicago, one on September 15, 1879, and the other on August 6, 1883, and also at the same time introduced an original written acceptance, dated August 14, 1883, by the appellee company of the ordinance of August 6, 1883. The effect of these ordinances, and of the written acceptance thereof by the appellee, was to restrict the right of the appellee company to condemn property within the city of Chicago. The ordinance of August 6, 1883, provided that the company should not lay down any track or tracks upon certain territory between Twelfth and Polk streets, east of the west line of Third avenue in the city of Chicago; and it is conceded that the lots of the appellants, here sought to be condemned, were within said territory.

When judgment of condemnation was entered on December 19, 1904, the appellants prayed an appeal to this court, which was allowed upon their filing bond in the sum of $500.00, and a bill of exceptions, within thirty days from that date, to-wit, December 19, 1904. The period of thirty days expired on January 19, 1905. The bill of exceptions and appeal bond were filed within the thirty days, as required. This bill of exceptions, however, not only contained the rulings of the court upon the trial of the case upon the merits, but it also contained the proceedings of the court in reference to the overruling of the motion, made at the October term, 1904, to dismiss the petition.

A bill of exceptions should have been presented to the judge at the October term, 1904, in order to bring before a reviewing court the action of the trial court in reference to the motion to dismiss, which was then made; or such bill of exceptions should have been settled and allowed within such time thereafter as the parties may have agreed upon in the record, or as may have been by the court at that term allowed by its order of record. (*Hake* v. *Strubel,* 121 Ill. 321).

The motion, made by the appellee in this court to expunge from the record that part of the bill of exceptions, which relates to the action of the court in overruling the motion to dismiss the petition, was reserved to the hearing of the cause, and will now be disposed of.

It cannot be here contended that the motion for new trial can in any way bring up the validity of the action of the trial court in overruling the motion to dismiss the petition. A motion for new trial only brings before the reviewing court the occurrences of the trial, and presents for consideration alleged errors occurring during the course of the trial. In this case, however, the motion for new trial was withdrawn, and a motion was made in arrest of the judgment. It is well settled that motions upon pleadings, and other matters arising before the trial is actually entered upon, furnish no basis for the motion for new trial. (16 Am. & Eng. Ency. of Law,—1st ed.—p. 610).

In *Guyer* v. *Davenport, Rock Island and Northwestern Railway Co.* 196 Ill. 370, it was held that questions, arising in condemnation proceedings before the submission of the case to the jury, are to be determined summarily by the court, and that the court's rulings thereon must be preserved by a bill of exceptions, settled at the term when they were made, or upon time allowed by the court, and that matters relating thereto will be expunged from a bill of exceptions, presented and signed at a subsequent term, although the rulings were assigned as reasons for a new trial. Upon the authority of the *Guyer case, supra,* when the trial court overruled the motion of appellants to dismiss the petition, based upon the showing made by the two ordinances and written acceptance above referred to, appellants should at the October term have procured a bill of exceptions to be settled and allowed by the court, showing its action upon the motion, and containing the ordinances and acceptance referred to; or if the bill of exceptions was not presented and signed at the October term, it should have been shown that counsel

consented to its being signed at a later date, or it should have been shown that the judge, by an entry of record, gave leave that it might be prepared at a later date. No such showing has been made in the present case.

It follows from what has been said that all that part of the bill of exceptions in the present record, which contains the proceedings upon the motion to dismiss the petition, is inproperly in the bill of exceptions, and must be expunged. Accordingly, the motion to expunge is allowed.

The motion in arrest of judgment is no more effective than the motion for a new trial to preserve objections or exceptions to the proceedings, had at the October term, 1904, to dismiss the petition. Under a motion in arrest of judgment only such errors as appear upon the face of the record, or which should but did not appear on the face of the record, can be urged in arrest of the judgment. (2 Ency. of Pl. & Pr. p. 794; *Wallace* v. *Curtiss,* 36 Ill. 156). The objections, made by the appellants to the action of the trial court in refusing to dismiss the petition, only appear as arising from the ordinances and written acceptance, introduced in support of said motion. All the preliminary proceedings had upon the motion to dismiss having been expunged from the bill of exceptions, there is no record here which shows any such defects as will sustain a motion for arrest of judgment.

No objection is made by counsel for appellants as to the action of the court upon the trial of the case upon the merits. No criticism is made upon the amount of the judgment, or upon the trial, so far as it related to the ascertainment of the amount of compensation to be paid to appellants for their property.

· In view of the allowance of the motion here made to expunge the part of the bill of exceptions above referred to therefrom, and inasmuch as all the assignments of error are based upon the ordinances and written acceptance introduced in support of the motion to dismiss the petition, noth-

ing remains here for our consideration. If the trial court had no jurisdiction to entertain the present condemnation proceedings, it was because of the restrictions imposed by the ordinances in question and their acceptance by the company. The ordinances and the acceptance being out of the case by reason of the allowance of the motion to expunge, it does not here appear that there was any restriction upon the right of the company to condemn the property in question. All the objections relating to the proceedings before the court which were preliminary to the trial by the jury having been thus eliminated from the record, there is nothing before us, and the judgment of condemnation entered by the court below must be affirmed.

*Judgment affirmed.*