## George B. Swift Company v. Lucian E. Gaylord, Administrator.

### Gen. No. 4,608.

1. EXCEPTION—*when not necessary.* An exception is not necessary to preserve for review rulings upon the pleadings.

2. MOTION FOR NEW TRIAL—*what points need not be mentioned in order that they may be preserved for review.* Rulings of court upon the pleadings may be reviewed, notwithstanding no mention thereof is made in the motion for a new trial.

3. STATUTE OF LIMITATIONS—*when failure of party to answer does not entitle defendant to judgment.* Where a demurrer to the plea of the Statute of Limitations is overruled and the plaintiff does not answer the same, but files an amended declaration which is held not to set up a different cause of action, but avoids the objection to the prior declaration, the defendant is not entitled to judgment.

4. New cause of action—*when amended declaration does not set up.* Where the amended declaration differs from the original in that it recites and amplifies the cause of action set forth in the original declaration, a new cause of action is not set up.

5. Knowledge of defects—*burden of proof to show.* Knowledge of defects from which an injury results is matter of defense and the burden of proof is upon the defendant to show that it was possessed by the plaintiff's intestate.

6. Verdict—*when not excessive in action for death caused by alleged wrongful act.* A verdict for $5,000 is not excessive where it appears that the intestate at the time of his death was twenty-two years of age, was unmarried, was attending college, had completed three years of his course, was working at $2 per day during his summer vacation, was industrious, had no bad habits, was in good physical condition and was educating himself for the profession of a teacher.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Rock Island County; the Hon. Emery C. Graves, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed April 20, 1906.

Jackson, Hurst & Stafford, for appellant.

J. B. Oakleaf and J. T. and S. R. Kenworthy, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Maurice Gaylord was killed while at work for the George B. Swift Company upon the roof of a building in process of erection for the Chicago, Rock Island & Pacific Railway Company in which the Swift Company was a subcontractor under the Rock Island Equipment Company. The administrator of his estate brought this suit against the three corporations to recover damages for the injury caused to the next of kin of said deceased in their means of support by reason of said death. At the trial the suit was dismissed as to all except the Swift Company, and plaintiff had a verdict and a judgment against said company for $5,000 damages, from which said Swift Company appeals.

The roof of the building in question had a steel frame resting on brick walls, and with various cross-pieces and joists. Defendant was hoisting lumber from the ground to the roof beneath an opening ten feet by twenty feet in the

roof frame.    A derrick was stationed upon the top of the roof, the arm of which projected over this opening, and at the end of that arm was a pulley over which the hoisting rope passed down to a tackle and block on the ground, and thence along the ground, turning corners, to an engine in another building several hundred feet distant.    This engine was out of sight of the men engaged in raising the lumber, and signals were communicated by means of employees stationed at different points.    The arm of the derrick was supported by an upright timber at the north side of this open space, and this timber had a brace fastened to the building on the west side, and had no brace on the east side.    That brace became broken or shattered in the morning of the day on which plaintiff's intestate was killed. The foreman caused an employee to nail another brace directly above the broken brace.    Servants of defendant stationed upon the ground beneath, a distance of forty or fifty feet, tied various pieces of lumber together and gave a signal to hoist, and one of them by the aid of a rope guided the lumber as it was hoisted, for the purpose of causing it to pass through this open space, and to prevent it from being caught under the sides thereof.    Plaintiff's intestate and two other servants of defendant were stationed upon the roof to take the lumber after it reached the roof and unfasten it and carry it some distance for the carpenters. At the time in question the lumber either caught beneath the roof upon the beams which formed the sides of the opening, or else passed through the opening and caught upon the pulley block.    The engine did not stop and the continued application of the power caused the braces to give way and the derrick arm to fall to the east on the side where there was no brace.    Plaintiff's intestate was standing at that point waiting to receive the lumber.    The derrick arm struck him upon the head, and he was instantly killed.    The other men upon the roof were on the west side of the derrick arm, and were uninjured.

It is first contended that the court committed certain errors in rulings upon the pleadings, and that under certain

unanswered pleas defendant should have had judgment. Plaintiff insists that these matters are not before us upon this record, because no exception was taken to such ruling of the court and preserved in the bill of exceptions, and because these supposed errors upon the pleadings were not set forth in the motion for a new trial as a ground therefor. These positions of plaintiff are untenable. No exception to rulings on the pleadings is required to preserve such rulings for review on appeal. In Burke v. C. & N. W. R. R. Co., 108 Ill. App. 565, we examined at length the Illinois decisions establishing the foregoing rule, to which may be added Bennett v. Union Central Life Insurance Co., 203 Ill. 439. A motion for a new trial can be based only upon errors alleged to have occurred during the course of the trial, and errors arising in the rulings of the court upon the pleadings furnish no basis for the motion for a new trial. Cella v. C. & W. I. R. R. Co., 217 Ill. 326. The questions raised upon the pleadings are therefore before us for consideration.

The record contains four declarations, which will be here called the original declaration, and the first, second and third amended declarations, respectively. After plaintiff had filed his original declaration and a demurrer thereto had been overruled, he filed an amended declaration by leave of court, more than one year after the death of plaintiff's intestate. To this first amended declaration, after a demurrer and after certain amendments, defendant pleaded not guilty and pleas of the Statute of Limitations. Plaintiff demurred to the pleas of the Statute of Limitations, and his demurrer was overruled, the court thereby holding that the first amended declaration contained causes of action not set out in the original declaration. Thereupon plaintiff filed a second amended declaration, by leave of court. Defendant pleaded thereto not guilty and pleas of the Statute of Limitations. Plaintiff demurred to the plea of the Statute of Limitations, and that demurrer was sustained, the court thereby holding that the second amended declaration did not state a different cause of action from that embraced

George B. Swift Co. v. Gaylord.

in the original declaration. A jury was then impaneled to try the cause, and during the trial plaintiff dismissed the suit as to all defendants but the George B. Swift Company, and thereupon filed, by leave of court, a third amended declaration against said Swift Company alone. To that declaration defendant pleaded not guilty, and also pleas of the Statute of Limitations. A demurrer was sustained to the pleas of the Statute of Limitations, the court thereby holding that said third amended declaration did not state causes of action other than and different from the cause of action set forth in the original declaration. The case was then tried upon the third amended declaration. Defendant now contends that, after plaintiff's demurrer to the pleas of the Statute of Limitations to the first amended declaration was overruled, plaintiff was required either to stand by his demurrer, in which case defendant would have been entitled to judgment, or else to traverse the plea of the Statute of Limitations; and that as plaintiff did not traverse the pleas, they stand confessed, and defendant was entitled to judgment upon the record as to all causes of action stated in the first amended declaration. We do not concur in this position. When plaintiff found that the court held that the first amended declaration stated causes of action not embraced in the original declaration, and therefore that the Statute of Limitations was a good defense thereto, he could have asked and obtained leave to amend the first amended declaration so as to make it state only the same cause or causes of action set forth in the original declaration. Instead of taking that course, plaintiff obtained leave to file a second and afterwards a third amended declaration; and by the ruling of the court upon the demurrer to the pleas of the Statute of Limitations filed to the second and third amended declarations, respectively, the court held that those declarations did not state a different cause of action from that contained in the original declaration. In our opinion when plaintiff filed the first amended declaration he thereby abandoned the original declaration. It still remained in the record as a

test to determine whether future declarations were merely enlarged statements of the same cause of action set forth in the original declaration, or were based upon other causes of action, but it was no longer in the case for the purpose of forming or trying issues thereon. So, when the plaintiff filed the second amended declaration, he thereby abandoned the first amended declaration, and when he filed the third amended declaration, he thereby abandoned the second amended declaration. The first amended declaration having been thus abandoned, plaintiff was not required to proceed further to complete the pleadings under said first amended declaration, but it was withdrawn from the case for all further purposes of forming issues thereunder. The result was the same as if he had sought to amend the first amended declaration by striking out those causes of action found by the court not to have been included in the original declaration. After such an amendment the old pleas of the Statute of Limitations to that first amended declaration would have been superseded. Defendant, therefore, in that condition of the record, was not entitled to a judgment upon defendant's unanswered pleas of the Statute of Limitations to the first amended declaration.

Defendant earnestly contends that the causes of action set forth in said third amended declaration are other and different from the cause of action stated in the original declaration; and that the court therefore committed reversible error in sustaining the demurrer to said several pleas of the Statute of Limitations to the third amended declaration. The original declaration contained but one count. It stated in very general terms the situation of the building and the manner in which the lumber was hoisted, and averred that defendants " had erected and constructed said derrick or hoist for the purpose of hoisting lumber as aforesaid, and in the erection of said derrick or hoist, and the placing of the same, had negligently omitted to properly place, fasten and secure the same, in this, they had neglected and omitted to properly and securely place the

arm of said derrick or hoist which held the pulley over which the rope attached to said derrick or hoist ran, so that when applying the power to hoist the said lumber as afore-said, and while said lumber was about up to the top of said building, ready for plaintiff's intestate to take when so hoisted, the said derrick or hoist gave way, and the said lumber and derrick or hoist so falling upon plaintiff's intestate killed him as aforesaid." The third amended declaration contained four counts in which the details of the construction of the building and of the manner of placing the derrick and hoisting the lumber were much more fully and elaborately stated. The first count in said third amended declaration, after stating the duty of the defendant and the purpose for which the derrick was erected by the defendant, proceeded as follows: "Yet the defendant not regarding its duty in that behalf, then and there carelessly and negligently built, constructed and erected said derrick or hoist so that the same was insecure and unsafe to be used for the purpose aforesaid. And the plaintiff further avers that the carelessness and negligence of the said defendant in the building of the said derrick or hoist consisted in this, that it had omitted to properly place, fasten and secure the same, so that when the weight of the lumber to be hoisted thereby was placed upon the arm of said derrick it broke and gave way; and the said defendant had also then and there neglected and omitted to properly secure and place the arm of said derrick or hoist so that when applying the power to said hoist to hoist the said lumber as aforesaid, and while said lumber was up to the top of said building ready for plaintiff's intestate to take when so hoisted, the said derrick or hoist gave way, and the said lumber and derrick by means thereof fell upon plaintiff's intestate and killed him, by means of the insufficient construction of said derrick or hoist, and by means of the insufficient fastening of the arm of said derrick." The second count alleged that "defendant was then and there negligent and careless in the erection, building, construction and fastening of said beam or arm of said derrick or hoisting

apparatus, and that the said negligence and carelessness of said defendant in the building, construction and fastening of said last mentioned beam or hoisting apparatus consisted in not sufficiently bracing and securing, nailing, bolting and fastening of said beam so as to prevent the same from falling when a load to be hoisted was heavy or might become caught, that it was liable to do upon or against the said iron cross beams when being hoisted as aforesaid;" and that plaintiff's intestate was struck and killed by the falling of said derrick " because of the insufficient building, construction, bracing, nailing, fastening and securing of the arm of said derrick or said derrick beam." The third count averred that " defendant was negligent and careless in the fastening and construction of the beam of said derrick or hoisting apparatus, and that the same was not sufficiently and properly braced, nailed, bolted and fastened to sustain the weight of the hoisting of said timbers and lumber in the manner and form the same were being hoisted as aforesaid, and that the said derrick beam was not sufficiently fastened, secured, braced, nailed and bolted so as to sustain the weight that would come upon the same in the event said timbers and lumber should be caught on said iron cross beams while being so hoisted in manner and form as aforesaid;" and that plaintiff's intestate was killed "by the falling of said derrick beam and lumber upon him because of the insufficient bracing, nailing, fastening and securing of said derrick beam." The fourth count charged that defendant "caused and permitted said derrick or hoisting apparatus thereby negligently and carelessly and unsafely built and constructed in this, that the said derrick beam and its supports and braces were not sufficiently and properly braced, built, placed, nailed, bolted, adjusted and fastened so as to support same from falling when in use in the hoisting of said lumber as aforesaid," and that plaintiff's intestate was killed "by the falling of said derrick beam or hoisting apparatus upon him, and because of said insufficient placing, building, construction, nailing, fastening, bolting and securing of said derrick beam." We hold

that these several counts of the third amended declaration
are but a restatement and amplification of the cause of
action set forth in the original declaration, which related
to the erection of said derrick and the placing of the same,
and charged negligence in failing properly to place, fasten
and secure the derrick, which, so far as this cause is con-
cerned, means the same thing as the arm of the derrick
which held the pulley over which the rope ran.  Swift &
Co. v. Madden, 165 Ill. 41; I. C. R. R. Co. v. Souders, 178
Ill. 595; C. & E. I. R. R. Co. v. Wallace, 202 Ill. 129; Town
of Cicero v. Bartelme, 212 Ill. 256.   The court therefore
did not err in sustaining the demurrer to the pleas of the
Statute of Limitations to the several counts of the third
amended declaration.

Defendant argues that the derrick was not insecurely
braced.   The new brace put on that morning was fastened
in place by two spikes at the top and two at the bottom,
and when the derrick went down these spikes or nails
pulled out.   It is insisted that it was not the duty of de-
fendant to brace the derrick so as to be able to resist the
tension which would be brought to bear upon it if the lum-
ber caught underneath the framework of the building.   We
think it was its duty to prepare for that contingency, if it
was one that was liable to happen in the conduct of the
business as there carried on, and whether such was the case
was a question for the jury.   Besides, a part of the testi-
mony is that the lumber had passed through the opening
and reached the pulley at the top of the derrick, and that
by reason of some failure of the man operating the engine
to receive or obey signals the application of the power was
not then stopped.   Whether these contingencies were liable
to happen, and should have been guarded against by the
master, were questions for the jury.   It should be noted in
this connection that the photographs of the derrick and
braces contained in this record are not photographs of this
derrick as it was braced at and before the time of this acci-
dent; but are photographs of the same or a different der-

rick braced in a somewhat different manner, and that the only purpose said photographs serve is to give a general idea of the manner in which the derrick was braced and operated. Plaintiff's intestate was standing on the east side of the derrick at the time he was killed. There were no braces on that side of the derrick. Defendant contends he was not exercising due care in standing there. That was the side of the derrick upon which the lumber was to be received, and it was his duty to take hold of the lumber after it passed through the opening and draw it over upon the boards that had been temporarily laid where he stood, and this was only the second day he had worked on that roof. We see nothing in the situation which would have justified the jury in finding that he was not exercising due care. It is also contended that he assumed the risk of working there; but we think it clear that it was the duty. of his master to exercise reasonable care to furnish him a reasonably safe place in which to do that work, and that he was not required to inspect the braces and calculate whether they were sufficiently strong. Western Stone Co. v. Muscial, 196 Ill. 382; Barnett & Record Co. v. Schlapka, 208 Ill. 426. It is also claimed that this was a pure accident, and that if it was not a pure accident, then the injury was due to the negligence of the employee of defendant, who stood on the ground below and held the rope which guided the load, and whose duty it was to so guide it that it should not catch under the sides of the opening, but should pass through the same; and it is urged that he was a fellow-servant of plaintiff's intestate. Plaintiff's intestate had no dealings with the men below, and did not in any way control them or give them any signals or receive any signals from them. The question whether under these circumstances the two men were fellow-servants, and whether this was a pure accident, were questions of fact for the jury. Upon these several questions of fact there is such evidence in support of plaintiff's claim that after the jury has decided in favor of plaintiff and the trial judge has approved their verdict, we are not warranted in disturbing their con-

clusion. Moreover, even if the employee who held the guide rope below was a fellow-servant of plaintiff's intestate, and even if his negligence contributed to the death of plaintiff's intestate, still if the death was also caused by the negligence of the defendant in not having its derrick properly braced and fastened, plaintiff would still be entitled to recover.

Objection is made to certain instructions given at the request of plaintiff. We have examined them and do not think the objections well founded. One instruction omits one element, but it does not direct a verdict, and other instructions supply the defect. One instruction told the jury that if defendant claimed deceased had notice of the defect in the derrick, the burden was upon it to prove it. It is urged this is incorrect. We held in Pressed Steel Car Co. v. Herath, 110 Ill. App. 596, 602, that the burden of proving such knowledge by the deceased was on defendant, and that unless it appeared from the evidence that deceased had such knowledge, it would not be presumed. It was held in C. & E. I. R. R. Co. v. Hines, 132 Ill. 161, and City of La-Salle v. Kostka, 190 Ill. 130, and in other cases there cited, that it is a matter of defense that the party injured had knowledge of the defects through which his injury was received.

It is urged that the damages are excessive. The question in such case is, how much would the deceased have been worth to the next of kin, in all reasonable probability, had he continued to live? C., P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330. Deceased was twenty-two years old, was unmarried, was attending college, had completed three years of his course and was working at two dollars a day during his summer vacation. He was industrious, had no bad habits, was in good physical health. He was educating himself for the profession of a teacher. What such a life would be worth to his next of kin is a question upon which there must necessarily be many different opinions. We see nothing to justify us in disturbing the conclusion of the

jury or in naming any lesser sum as that which the jury ought to have fixed.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*