THE WESTERN STONE COMPANY

. *v.*

VALENTINE MUSCIAL.

*Opinion filed April 16, 1902.*

1. MASTER AND SERVANT—*master must use due care to see that place of work is safe.* It is the master's duty to use reasonable diligence in seeing that the place where the work of his servant is to be performed is safe for that purpose; and in this respect the master and servant are not altogether upon an equal footing, since the servant's duty is obedience, and in acting under orders he assumes no risk unless he acts recklessly in obeying them.

2. SAME—*servant assumes only such risks as cannot be obviated by master's care.* The rule that a servant assumes the ordinary risks incident to the business, presupposes that the master has performed his duties of caution, care and vigilance which the law casts upon him, and it is those risks alone which cannot be obviated by the master's exercise of reasonable care that the servant assumes.

3. SAME—*when question of assumed risk is one of fact.* Whether a servant ordered to shovel from the bottom of a stone quarry dirt which had slid from the bank during the night, assumed the risk of the bank's caving in, is a question of fact for the jury under evidence that the servant looked at the bank but saw no danger, but that if the foreman had inspected the bank he would have discovered the bank was in a dangerous condition and that the same was about to fall.

4. SAME—*when servant's knowledge of danger is not an assumption of risk.* Even if a servant has some knowledge of the danger, yet the order of the master to proceed with the work relieves the servant of the assumption of the risk, unless the danger is so manifest that a person of ordinary prudence would not incur it.

5. SAME—*when instruction is properly refused.* An instruction that the employer "is under no greater obligation to look after the safety of an employee than the employer is to look after his own safety" is properly refused, where the evidence shows that the servant was working at the particular place under the master's orders.

*Western Stone Co.* v. *Muscial,* 96 Ill. App. 288, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

AMERICUS B. MELVILLE, HALEY & O'DONNELL, and FRANK J. CANTY, for appellant.

M. F. GIRTEN, T. F. CRONIN, E. MEERS, and A. M. LASLEY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action on the case, brought in the circuit court of Will county by the appellee to recover damages for personal injuries received by him, occasioned by the negligence of appellant while in its employ. A trial resulted in a verdict in favor of appellee for $4167, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

The appellant, at the close of appellee's evidence, and again at the close of all the evidence, moved the court to instruct the jury to find for appellant, which motion was overruled by the court and exception taken thereto by appellant.

The evidence produced upon the trial of the case was highly contradictory. The evidence submitted by appellee tended to show that appellant, on August 22, 1898,— the day appellee was injured,—was operating a quarry near the village of Lemont, in Will county, and that appellee was employed to work therein by appellant, and under such employment had been working there for about three days. The night previous to the accident it had rained, and upon arriving in the morning at the quarry the men saw that during the night mud, clay and gravel had fallen from the face of the bank into the bottom of the quarry so as to interfere with the work then being done. Appellee, on the day in question, was ordered by the foreman of appellant to shovel this mud into wheelbarrows. At this point where appellee was working the

wall of the quarry rose perpendicularly for the distance of about twelve feet to the top of the rock. From the top of the rock the bank continued upward, in a slope, for about fifty feet. While the appellee was loading a wheelbarrow under the direction of the foreman, dirt and gravel slipped from the high bank above, and falling upon him caused the injuries complained of. Appellee was experienced in the work in which he was engaged and had been in the employ of appellant for about eight years, but had been working in this quarry but three days prior to his injury. After a rain there was a tendency for banks of this nature to fall, but this tendency varied according to the strata and composition of the banks. Several of appellee's witnesses testified that on the morning in question they noticed cracks in the bank over the place appellee was working and thought the same unsafe. Appellee himself looked at the bank but saw no defects in it and thought the same safe. The evidence produced by appellee tended to show that no inspection had been made by appellant on the day of the injury until after the injury to appellee occurred. It was not a part of appellee's duty to secure this bank, but appellant had in its employ certain men provided with a machine to "strip" the bank and to prevent its falling upon the men working in the quarry below, and the foreman of appellant was given orders "to look out for the bank every morning," but there is a conflict in the evidence whether on that morning these orders were obeyed by the foreman.

Appellant urges as reasons for reversal by this court, the overruling of its motion to find for the defendant, the refusal to give instructions numbered 13, 28 and 29, and the receiving and exclusion of certain evidence.

Appellant contends that it was error to refuse the instruction to find for the defendant, for the reason that appellee knew the bank was liable to fall under the existing conditions; that his knowledge of the danger was

equal to that of the master; that the danger of falling dirt was one of the perils of the business, and was, therefore, a risk assumed by appellee. The question whether appellee assumed the risk is a question for the jury. It is immaterial upon which side the evidence is introduced, if there is evidence which fairly tends to support plaintiff's case it must be submitted to the jury. Its weight and credit are matters for the jury, and this court will only look to see if there was evidence fairly tending to establish the plaintiff's right to recover. *Watson Cut Stone Co.* v. *Small,* 181 Ill. 366; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242.

There was evidence adduced on the trial that appellant knew that under the conditions that existed the morning in question this bank was liable to fall. It made no examination of the bank, but, on the contrary, through its foreman, taking no precautions whatever, ordered appellee to work at this point. It is the duty of the master to use reasonable diligence in seeing that the place where the work of his servant is to be performed is safe for that purpose. This duty of appellant was disregarded by it, and when appellee obeyed its command to shovel or to load the dirt into the wheelbarrow, he had a right to rest upon the assurances which this command implied that there was no danger. The master and servant in such case are not altogether upon a footing of equality. The servant's duty is mere obedience, and when acting under an order he assumes no risk unless he acts recklessly in obeying it. Whether he acted thus recklessly or whether he acted as a reasonably prudent person should act are questions of fact to be determined by the jury. *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447; *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak,* 148 id. 573.

The rule that the servant assumes the ordinary risks incident to the business presupposes that his master has performed the duties of caution, care and vigilance which the laws casts upon him. It is these risks alone, which

196—25

cannot be obviated by the adoption of reasonable measures of precaution by the master, that the servant assumes. (*City of LaSalle* v. *Kostka*, 190 Ill. 130.) Appellee testified that when he went to work on the morning he was injured he looked at this bank and that he saw no danger in it. The testimony of other witnesses goes to show that had the foreman of appellant inspected the bank that morning he would have discovered there was a large crack in the same; that there was a projecting rock, and that a part of the bank and this rock were about to fall. With this state of proof, whether or not the servant assumed the risk of the falling rock was a question of fact, and this court is bound by the judgment of the Appellate Court. Even had appellee had some knowledge of the defect in the bank, yet the order of the master to proceed with the dangerous work would relieve him of the assumption of the risk, unless the danger was so manifest that a person of ordinary prudence would not have incurred it. (*Gundlach* v. *Schott*, 192 Ill. 509.) We think there was no error in refusing this instruction. It is true that this testimony produced by appellee was directly contradicted by that submitted by appellant, but as this court said in the case of *Wells* v. *Bourdages*, 193 Ill. 328: "It is not our province, however, to weigh the testimony or to determine where the truth of it lies. We are only required to look into it sufficiently to see if there is evidence fairly tending to establish a cause of action." In the case before us, unless a great part of the evidence of appellee is disregarded, there is sufficient evidence fairly tending to establish this cause of action, and therefore this instruction was properly refused.

It is also urged as error that the court improperly refused appellant's thirteenth instruction, which was as follows:

"The jury are instructed that the employer is under no greater obligation to look after the safety of an employee than the employee is to look after his own safety."

There was no error in refusing this instruction, for the reason, if no other, that it states an abstract proposition of law. "A party cannot complain that an instruction is refused if he fails to make an application of the rule of law to the evidence." (*Vallette* v. *Bilinski*, 167 Ill. 564.) But the instruction was erroneous in the fact that it wholly ignored that appellee was working at that particular spot under the order of appellant, and under such circumstances, as said in the *Schymanowski case, supra,* the master and servant are not altogether upon a footing of equality.

Complaint is also made of the refusal of the trial court to give appellant's twenty-seventh instruction, which was, in effect, that if the jury believed the defendant failed to warn plaintiff of the danger of the dirt falling from the bank upon him, and that plaintiff went to work under the bank in question after examining it or after a full opportunity to do so, then the law is the defendant did not owe to the plaintiff any duty to give him warning of any danger. That this instruction was properly refused will appear from what is said heretofore in regard to the refusing of appellant's peremptory instruction.

It is also assigned as error that the court improperly refused appellant's instruction 29. We cannot see how appellant could have been prejudiced by the refusal of the court to give this instruction. The rules of law therein stated were, by appellant's request, reiterated time and again and fully covered by instructions numbered 12, 14, 15, 16, 17, 18, 19 and 24. Some thirty instructions were given on behalf of appellant, and every phase of his case was fully covered thereby.

The appellant also urges that the court erroneously permitted appellee to introduce certain evidence and that it erred in excluding evidence offered by appellant. We regard the ruling of the court in this respect proper. The evidence objected to, which was introduced by plaintiff, related to the duties of the foreman. This was clearly

competent, and was a material element in the case to establish the relations which existed between appellee and the foreman and to what extent the appellee was subject to the foreman's orders.   This was not a conclusion of the witness, because his testimony was to the effect that he knew what the foreman's duties were, and he then proceeded to state those duties.   The evidence excluded by the court was properly excluded, as it was not cross-examination.

We are unable to find any error in the record which would call for a reversal, and the judgment is affirmed.

*Judgment affirmed.*