THE ILLINOIS STEEL COMPANY

*v.*

JOSEPH WIERZBICKY.

*Opinion filed December 16, 1903.*

1. MASTER AND SERVANT—*when knowledge by servant of unsafe condition does not defeat recovery.* Knowledge by a servant of the unsafe condition of an appliance does not defeat a recovery for injury therefrom where he acted in obedience to the foreman's orders, unless the danger was so imminent that an ordinarily prudent person would not have incurred it but would have refused to obey.

2. SAME—*limits of rule that master need not take better care of servant than latter takes of himself.* The rule that the mere fact of the existence of the relation of master and servant does not imply an obligation on the part of the master to take more care of the servant than the latter might reasonably be expected to take of him-

self, does not apply where the servant is acting under particular orders of the foreman.

3. EVIDENCE—*when testimony given on former trial may be repeated.* If the plaintiff, on cross-examination, is interrogated with reference to certain testimony given by him on a former trial, it is not error to permit him, on re-direct examination, to repeat the whole of his testimony on the former trial covering the points as to which he was cross-examined.

4. APPEALS AND ERRORS—*Appellate Court's judgment is final on controverted questions of fact.* The judgment of the Appellate Court is final upon the controverted questions of fact whether or not the defendant was guilty of negligence, and whether or not the plaintiff was guilty of contributory negligence or assumed the risk.

*Illinois Steel Co.* v. *Wierzbicky*, 107 Ill. App. 69, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding.

KEMPER K. KNAPP, for appellant.

DAVID K. TONE, and H. M. ASHTON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District affirming a judgment of the superior court of Cook county for $8000, rendered in favor of appellee for personal injuries sustained.

Appellee was engaged, with other laborers, in the steel mill of appellant, under the direction of John Hannefin, foreman. It was his duty to take certain steel billets from freight cars and load them on trucks. These trucks were then pushed by hand along a track to the center of the mill. They were then hauled up an incline, about fifteen feet long, to a platform. Upon this platform the trucks were stopped and the billets unloaded for use, in the furnace. From the foot of the incline to the top the cars were pulled by a rope wound around a spool, which was turned rapidly by steam power. One

end of the rope was attached to the car, then wound three times around the spool, it being the duty of an employee to take hold of the rope as it was unwound from the spool and hold it tight, so as to prevent it from slipping on the spool. Appellee had worked for about two months in the mill unloading billets, but during that time the rope in question had been operated by another employee. On the day of the accident, and for some time prior thereto, the rope had become ragged and unraveled at the end. Eight or nine days before the happening of the accident to the plaintiff, an employee named Sweetwood had his hand pulled into the spool by means of the ragged condition of the rope, and sustained an injury to his hand similar to the one inflicted upon appellee. At the time of that accident the foreman was present, and four or five days prior to plaintiff's injury he was also informed and warned of the dangerous condition of the rope. On the day in question the foreman ordered appellee to handle the rope, and while he was obeying that order his hand was caught in the defective end and drawn into the spool and so crushed as to render amputation necessary. Upon a trial before a jury a verdict and judgment were rendered in favor of the plaintiff, which judgment has been affirmed by the Appellate Court.

The errors assigned here, being alleged errors of law, are the giving and refusing instructions and admitting improper evidence. Defendant offered three instructions:

1. "The jury are instructed that even if they believe, from the evidence, that the rope used by the plaintiff at the time of his injury was raveled, split or frayed or untwisted, yet if they believe, from the evidence, that such condition was open and apparent to the observation of the plaintiff, and that before the happening of the injury he had a reasonable opportunity to observe the same, and the danger, if any, caused thereby, and that the plaintiff was not misled or deceived as to the danger, if any, by defendant, or by any one acting for

the defendant, then the plaintiff cannot recover for any injury that may have been occasioned merely by the rope being in such raveled, split or frayed or untwisted condition.

2. "The jury are instructed that even if they believe, from the evidence, that the rope referred to in the evidence in this case was split, frayed, raveled or untwisted, and even if they believe, from the evidence, that the plaintiff was directed by John Hannefin to put said rope on the spool just before he was injured, yet the jury are further instructed that if they believe, from the evidence, that an ordinarily careful and prudent man in the place of the plaintiff would, under all the circumstances and conditions shown by the evidence herein, at and before putting the rope on the spool, have known and appreciated the danger, if any; incident to the use of said rope, then there can be no recovery in this case.

3. "The jury are instructed that even if they believe, from the evidence, that the rope referred to in the evidence in this case was split, frayed, raveled or untwisted, and even if they believe, from the evidence, that the plaintiff was directed by John Hannefin to put said rope on the spool just before he was injured, yet the jury are further instructed that if they believe, from the evidence, that the plaintiff, at the time he put the rope on the spool, knew of the condition of the rope, and knew and appreciated the danger, if any, incident to its use, then there can be no recovery in this case."

The court refused to give the first and second instructions, and gave the third after modifying it by changing the word "directed" to "ordered," as it appears before the name "John Hannefin," and by substituting in lieu of that portion of the instruction after the word "danger," in next to the last line, the following: "and further believe that the danger was so imminent that an ordinarily prudent man would not incur it, but would disobey such order, then there can be no recovery."

The first instruction was properly refused, as it does not state the correct rule of law applicable to the facts in this case. It was claimed by appellee in his declaration, and there was evidence in the record tending to show, that he was ordered by the foreman to put the rope around the spool and was hurt in obeying that order. Such directions or order might excuse him from knowing and appreciating the danger of the conditions which, in the absence of such order, he would have been bound to observe and appreciate. The instruction ignores altogether the alleged fact that plaintiff, at the time of his injury, was acting in obedience to the foreman's directions and order. The third instruction, as modified by the court, correctly stated the rule applicable to the facts in the case, as we have held in many previous decisions, and it also covered any objection which might have been properly urged to the refusal of the second. Although the plaintiff may have undertaken the work, in obedience to the orders of the foreman, with knowledge of the unsafe condition of the rope, still he could recover for his injury unless the danger was so imminent that an ordinarily prudent person would not have incurred it but would have refused to obey the orders. *Chicago Anderson Pressed Brick Co.* v. *Sobkowiak,* 148 Ill. 573; *Offutt* v. *World's Columbian Exposition,* 175 id. 472; *Illinois Steel Co.* v. *Ryska,* 200 id. 280.

The trial court refused the following instruction offered by the defendant:

"The jury are instructed that it is the law that the mere fact that the plaintiff in this case was, at the time of the accident, in the employ of the defendant did not imply an obligation on the part of the defendant to take more care of the plaintiff than the plaintiff might reasonably be expected to take of himself."

In *Western Stone Co.* v. *Muscial,* 196 Ill. 382, we held that an instruction like this one was not applicable to a case in which the plaintiff was acting under the orders of the

defendant's foreman. There was no error in the refusal of the court to give the instruction asked. The record also shows that an instruction was given by the trial court which correctly laid down the rule intended to be stated by the instruction refused.

The trial court gave the following instruction at the request of plaintiff, as to the preponderance of evidence:

"The jury are instructed that the preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunity of the several witnesses for seeing and knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial, and from all these circumstances determine upon which side is the preponderance of the evidence."

The instruction is subject to criticism. It is unskillfully drawn and does not accurately state the correct rule of law. We do not think, however, that the giving of the instruction as written was so far calculated to mislead the jury as to justify a reversal of the judgment below.

The trial court gave the following instruction on behalf of the plaintiff:

"The jury are instructed that it was the duty of the defendant in this case, at the time of the accident in question, to exercise reasonable care to furnish to the plaintiff appliances that were in a reasonably safe condition to be used by the plaintiff in the performance of his duty for said defendant, and that it was the duty of said defendant to exercise like reasonable care in keeping said appliances in a reasonably safe condition and repair."

The objection to this instruction is exceedingly technical. It is, that by the use of the word "appliances" the jury might have been misled to believe that other appliances than the rope in question could be considered by them in making up their verdict. The evidence in the case is confined solely to the defects in the rope, as alleged in the declaration, and many instructions were given which told the jury that there could be no recovery unless it (the rope) was defective and unless plaintiff's injury was occasioned thereby. The instruction could not have misled the jury.

It is objected by the appellant that the appellee was permitted to repeat testimony given by him on a former trial of the case. An examination of the record shows that upon his cross-examination counsel for defendant asked him with reference to certain testimony given upon that former trial, and on re-direct examination the court permitted him, over the objection of defendant, to repeat the whole of his testimony in reference to particular facts about which he was interrogated on the cross-examination. The appellant itself opened the way for the testimony objected to. There was no error in the admission of the evidence. Neither do we think that it was so material as to call for a reversal of the case if it were otherwise.

It is finally contended that the appellant was not guilty of negligence and that the appellee was guilty of contributory negligence, and that he assumed the risk incident to his employment; but as both of these contentions involve controverted questions of fact, the finding of the Appellate Court affirming the judgment below is final.

We have been unable to discover any substantial error in the rulings of the superior court on questions of law. The judgment of the Appellate Court will accordingly be affirmed.     *Judgment affirmed.*