## Ed. Walther, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. MASTER AND SERVANT—*instructions as to fellow-servants.* A crew consisting of a foreman, an engineer and laborers, engaged in transferring coal from a derrick car, are fellow-servants as a matter of law with the exception of the foreman, and refusal so to instruct the jury is reversible error.

2. MASTER AND SERVANT—*when question of fellow-servant one of fact or law.* The question of the relation of fellow-servant, is ordinarily one of fact and only becomes one of law when there is no dispute as to the facts and the evidence with all legitimate inferences to be drawn therefrom is such that all reasonable men must reach the same conclusion.

3. MASTER AND SERVANT—*combined negligence of employer and fellow-servant.* If the negligence of the employer combined with the negligence of a fellow-servant in producing the injury, and the negligence of neither is alone the efficient cause, the master is liable.

4. MASTER AND SERVANT—*when assumed risk no defense.* The question of assumed risk arises under a contract of employment, and where the employee is injured by reason of the direct command and wrongful order of his employer and is himself using ordinary care under the particular circumstances, the doctrine of assumed risk has no application.

5. EVIDENCE—*cross-examination.* Where the plaintiff or any witnesses have made conflicting statements defendant is entitled to broad latitude in thoroughly cross-examining them concerning details and surroundings of any meetings in order to refresh their memory.

6. EVIDENCE—*re-examination of witness.* The right to re-examine a witness about a matter omitted through forgetfulness is discretionary with the court.

Appeal from the Circuit Court of McLean county; the HON. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

BRACKEN & YOUNG, for appellant; SILAS H. STRAWN, of counsel.

JESSE E. HOFFMAN and GEORGE F. DICK, JR., for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff recovered a verdict and judgment against defendant for $2,500, as damages for personal injuries, from which the defendant prosecutes this appeal. The declaration, consisting of several counts, alleges in substance that plaintiff was in the employ of defendant as a laborer and a member of the "cleanup" gang in defendant's Bloomington yards; that the men were operating a derrick, which was being used to transfer coal from coal cars to locomotive tenders; that while engaged in that work the derrick remained stationary; that it was equipped with motive power so as to be moved along the track with its own power, and was so used as a switch engine; that the derrick and engineer in charge of it were under the direction

of the foreman of the gang; that plaintiff's work was to wave signals to the engineer when to move the derrick boom; that plaintiff was directed by the foreman to prepare the coupling on the derrick for the purpose of using said derrick as a switch engine to move the car on which the gang was working; that in obedience to said order he stepped in front of the derrick, and while in the act of preparing the coupling and in the exercise of ordinary care, without warning to him the foreman negligently signalled the engineer to come ahead, which signal the engineer promptly obeyed and started the derrick, and plaintiff's foot was caught and crushed. One of the counts alleges that the foreman was not a fellow-servant with plaintiff; another alleges that plaintiff had no experience as a switchman working with moving engines or cars and did not know of the danger attendant upon using said derrick as a switch engine. None of the counts allege that plaintiff was not injured in consequence of an assumed risk. There were two trials before a jury; at the first trial the jury disagreed.

The evidence shows that plaintiff is twenty-six years of age; that he had been working as a member of the clean-up gang for several years; that he had frequently worked with the derrick; that he acted as foreman in the absence of the regular foreman; that John Askew the foreman, gave an order to plaintiff, who was a short distance from the derrick, to get the coupling ready to push a coal car and called to the engineer to come ahead. The plaintiff stepped between the cars and the derrick car, moving towards the coal car, caught plaintiff's foot and ran over it. The derrick car is a low, flat car, on which is a boiler, engine, derrick and machinery for working the derrick and this car can move itself with its own power very slowly;—about one and a quarter miles an hour.

The frictional questions in the case are whether plaintiff knew of the order of the foreman to the en-

gineer before he stepped between the derrick car and the coal car, and in stepping between these cars was he in the exercise of ordinary care or did he assume the risk in going between the cars. The defendant contends that the orders to the plaintiff and to the engineer were given simultaneously and that plaintiff knew before he made a move to get the coupling ready that the order had been given to the engineer to come ahead, while the plaintiff contends that he did not know that the foreman had given any order to the engineer to come ahead, and that the car moved just as he got to the coupling and that while he had done this kind of work before he had always given the signals to the engineer to move the car after he had arranged the coupling. In view of the conflicting contentions it was important that the rulings upon the admission and rejection of evidence bearing on these questions should be correct.

A witness Paul Holtz, the engineer working on the derrick at the time plaintiff was injured, was asked as omitted questions on re-examination the following by counsel for defendant: ''Where was Walther, if you know, when Askew was talking to you while standing at the side of the derrick?'' ''Had he prepared the bar before this time?'' ''Do you recall any other time before Ed. was hurt and while the derrick was moving slowly on the track that he prepared the bar for the coupling?'' ''Where was Askew when he called to you to go ahead?'' ''Had he prepared the bar before this time?'' An objection that they were incompetent and not proper re-examination was sustained to each of these questions. The plaintiff, while a witness on this trial was asked in cross-examination, ''While on the witness stand and testifying in the former trial, was this question asked, 'Was you standing against the derrick,' and did you answer, 'No, I was going toward it.' '' ''Were you asked when a witness in the former trial, this question, 'Did you notice whether the derrick started with a jerk or jump sud-

denly?' '' An objection was sustained to each of these questions.

A witness Baxter, who took a pair of crutches to plaintiff at the hospital, testified concerning statements that he had said plaintiff made to him at the hospital as to how the accident happened. The plaintiff denied having made any such statements at any time. On cross-examination the plaintiff was asked if Baxter brought him a pair of crutches, and if at that time anything was said about the injury, and objections were sustained to these questions. The plaintiff admitted at first that he had talked with Baxter and afterwards said he never had any talk with him.

The right to re-examine a witness about a matter omitted through forgetfulness is discretionary with the court. The objection to each of these questions, except possibly those objected to as not proper re-examination the admission of which were in the legal discretion of the court, should have been overruled. The evidence sought to be introduced was competent and important in its bearing on the question of plaintiff's knowledge or lack of knowledge of the order given the engineer and was material on the question of the care or contributory negligence of plaintiff. The statements of plaintiff (if any) made to Baxter were competent evidence as admissions against him. The plaintiff having denied making such statements the defendant was entitled to cross-examine him fully and to ask concerning the details and surroundings of any meeting he and Baxter had which might tend to refresh his memory.

The foreman, Askew, now not in the employ of defendant, had made inconsistent written statements concerning the accident. The parties were entitled to a thorough cross-examination of the witness as to how he came to make such statements. The ruling of the court was proper concerning the questions asked this witness.

It is insisted there was error in giving and refusing

404 APPELLATE COURTS OF ILLINOIS.

Walther v. Chicago & Alton Railroad Company, 176 Ill. App. 399.

instructions. The plaintiff's fourth instruction informs the jury that if they believe that plaintiff by his foreman was ordered to prepare the coupling on the derrick as alleged in the first count, then plaintiff had the right to assume that the foreman would not by his negligence make the performance of said duty in carrying out said order unsafe, and if the jury believe from the evidence that the foreman, after so giving said order, without warning to plaintiff negligently signalled the engineer to move the derrick and the plaintiff was injured as charged, then they should find for plaintiff and assess his damages at such amount as will compensate him for his injury so far as the same is shown by the evidence, provided they believe plaintiff in carrying out said order was in the exercise of ordinary care for his own safety. The defendant argues that this instruction is erroneous because there is no averment in the count that plaintiff did not assume the risk which caused his injury, and the instruction does not require plaintiff to prove that he was not injured in an assumed risk. The seventh instruction given for the defendant told the jury that if the derrick was moving before plaintiff stepped in front of it or that plaintiff by ordinary care would have known that the foreman had ordered the engineer to move the derrick before he stepped in front of it, then plaintiff assumed the risk of injury from the moving derrick. The trial court from the giving of the latter instruction would appear to have considered that the question of assumed risk was involved in some of the counts. It was held in Wells & French Co. v. Kapaczynski, 218 Ill. 149, that "The injury to the plaintiff having resulted, according to the finding of the Appellate Court, from the wrongful and negligent order of the defendant, and the plaintiff himself being without fault, the doctrine of assumed risk can have no application whatever to the case." In Chicago & E. I. R. Co. v. Heerey, 203 Ill. 492, it was said, "The employee must always exercise the degree of

care which an ordinarily prudent person would have exercised under the same circumstances, but he does not assume the risk resulting from a direct command." Dallemand v. Saalfeldt, 175 Ill. 310; Western Stone Co. v. Muscial, 196 Ill. 382; Graver Tank Works v. O'Donnell, 191 Ill. 236. Under the doctrine of these cases the question of assumed risk arises under a contract of employment and was not involved if plaintiff was acting under a peremptory order from his foreman and was, while in the exercise of that degree of care which an ordinarily prudent person would have exercised under the same circumstances, injured as the result of a negligent order of the foreman. The question of ordinary care or contributory negligence only was involved and that question was fully covered by the instruction. There was no error in the fourth instruction in the respect concerning which complaint is made.

The plaintiff's second given instruction is an abstract proposition and should have been made applicable to the case.

It is contended that the court erred in refusing the following instruction requested by the defendant. "You are instructed by the court, as a matter of law, that all persons, except foreman Askew, composing the gang, as it has been called in the evidence, who were working in connection with the operation of the derrick in question, were fellow-servants; and if you believe from the evidence that plaintiff's injury was caused by the act of omission of any such fellow-servant, and not by the fault or negligence of his said foreman, then the plaintiff cannot recover in this case, and you should render verdict in favor of the defendant."

If the negligence of the employer "combined with the negligence of a fellow-servant in producing the injury, and the negligence of neither is, alone, the efficient cause," then the master is liable. Chicago & A. R. Co. v. Wise, 206 Ill. 453; Lyons v. Ryerson & Son, 242 Ill. 409. The instruction as asked assumes

that the employee working in connection with the operation of the derrick were fellow-servants of plaintiff. "The question of the relation of fellow-servants is ordinarily one of fact and only becomes a question of law when there is no dispute with reference to the facts, and the evidence, with all legitimate inferences to be drawn therefrom is such that all reasonable and intelligent men must reach the same conclusion." Bennett v. Chicago City Ry. Co., 243 Ill. 420; Hartley v. Chicago & A. R. Co., 197 Ill. 440. The facts proven in this case show the existence of the relation of fellow-servants between the employees, except the foreman, in the gang of which plaintiff was a member. The instruction as asked lays down a correct proposition of law and should have been given.

The judgment is reversed and the cause remanded for the errors indicated.

*Reversed and remanded.*