# Ed. Walther, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. Master and servant, § 694*—*when evidence sustains recovery for injury resulting from negligent order of foreman.* In an action against a railroad company to recover for personal injuries received by plaintiff in defendant's yards, alleged to have been caused by the negligent order of a foreman in signaling the engineer on a derrick car to "come ahead" while plaintiff was preparing the coupling between the derrick and another car in obedience to said foreman's orders, *held* that a verdict for plaintiff was sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. WITNESSES, § 337*—*when prior inconsistent statements may be explained on re-examination.* In an action for personal injuries alleged to have resulted from the negligent order of defendant's foreman, where the foreman as a witness testified he gave the order, and for the purpose of impeaching his testimony the defendant showed he made a statement in writing that he did not give the order, *held* it was not error to allow. the witness on redirect examination to be asked to explain the statement and whether it was true.

3. WITNESSES, § 338*—*right to examine concerning impeaching evidence.* A party whose witness is impeached by contradictory statements is entitled to show the circumstances under which the statements were made, and the party who impeached the witness by showing such contradictory statements is not entitled to further examine on the question.

4. WITNESSES, § 213*—*when questions asked on cross-examination may be excluded.* Refusal to permit witnesses to be asked on cross-examination concerning their testimony on a former trial for the purpose of impeachment, *held* not error where the questions were either repetitions of questions already answered or were not contradictory of their testimony on the present trial.

5. MASTER AND SERVANT, § 833*—*when refusal to permit questions to be asked as to speed of car harmless.* In an action against a railroad company to recover for personal injuries received by plaintiff while engaged in coupling a derrick .car to another car, refusal to permit plaintiff to be asked how fast the derrick could be started and moved, *held* not reversible error where both sides agreed that the car could not be run over one or two miles an hour.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

BRACKEN & YOUNG and W. B. LEACH for appellant; SILAS H. STRAWN, of counsel.

DEMANGE, GILLESPIE & DEMANGE and JESSE E. HOFFMAN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff recovered a verdict and judgment against the defendant for three thousand dollars as damages

for personal injuries, from which the defendant prosecutes this appeal. There were two previous trials of this case before a jury. At the first trial the jury disagreed, at the second a verdict was returned against the defendant for two thousand five hundred dollars, on which judgment was rendered. That judgment was reversed by this court for errors of law. *Walther v. Chicago & A. R. Co.,* 176 Ill. App. 399.

The last trial was had on the two counts of the original declaration on which the second trial was had and an additional count. The counts of the declaration on the former trial allege, in substance, that plaintiff was in the employ of defendant as a laborer and a member of the "clean-up" gang in defendant's Bloomington yards; that the men were operating a derrick, which was being used to transfer coal from coal cars to locomotive tenders; that while engaged in that work the derrick remained stationary; that it was equipped with motive power so as to be moved along the track by its own power, and was so used as a switch engine; that the derrick and engineer in charge of it were under the direction of the foreman of the gang; that plaintiff's work was to wave signals to the engineer when to move the derrick boom; that plaintiff was directed by the foreman to prepare the coupling on the derrick for the purpose of using said derrick as a switch engine to move the car on which the gang was working; that in obedience to said order he stepped in front of the derrick, and while in the act of preparing the coupling and in the exercise of ordinary care, without warning to him the foreman negligently signaled the engineer to come ahead, which signal the engineer promptly obeyed and started the derrick, and plaintiff's foot was caught and crushed. One of these counts alleges that the foreman was not a fellow-servant with plaintiff; the other that plaintiff had no experience as a switchman working with moving engines or cars, and did not know of the danger attendant upon using said

derrick as a switch engine. The additional count pleads with greater detail the facts pleaded in the original counts, and avers that plaintiff did not know and by the exercise of reasonable care, etc., would not have known that said derrick would then and there move while he, the plaintiff, was then and there preparing the said coupling as aforesaid, and that the said foreman knew or by reasonable care should have known that an order directing the said engineer to move said derrick in a southerly direction, while the plaintiff was preparing said coupling, was reasonably liable to directly result in the moving of said derrick towards the plaintiff and in an injury to him.

The evidence shows that plaintiff at the time of the injury was about twenty-six years of age and had been working for several years as a member of a clean-up gang in the Bloomington yards of defendant and that the duties of the clean-up gang were to clean up junk, load and unload material in the shops and coal in the yards under the direction of the foreman. The derrick is a low flat car about nine feet wide and eleven feet long on which were a boiler, engine, windlass, boom and other attachments which make up a derrick. This derrick car can move with its own power very slowly, not to exceed one to two miles an hour, and it was used at times to move cars. The distance from the top of the rail to the under side of the platform of the derrick car is twenty-two inches and to the top of the platform thirty-four inches. The distance from the center of the front wheels to the front of the platform is eighteen inches, so that the front of the wheels is but little back of the front edge of the platform. Plaintiff had frequently worked with the derrick by which he was injured and had acted as foreman in the absence of John Askew, the regular foreman.

On the day of the injury, because of some trouble at the coal chutes, the gang of which plaintiff was a member were loading locomotive tenders with coal from

coal cars with the derrick. The plaintiff had been sent away from the derrick on some errand, and while he was absent a switch engine had bumped into some cars and the derrick, pushing them so as to block another track and it had become necessary to push certain loaded cars further along the track to clear the blockade. The foreman directed the derrick car to be used for that purpose. The plaintiff returned from his errand about that time and the foreman ordered him to get the coupling on the derrick ready to push with the derrick car a coal car which stood a few feet south. The coupling is a flat piece of iron about four feet long, three inches wide and an inch thick, one end of which is fastened to the drawbar, and the other end, when not in use, is swung around and hooked up to the derrick platform. The track where the derrick stood was ballasted with cinders practically level with the top of the rails, both between the rails and outside of them. The plaintiff, on the order of the foreman to get the coupling ready, stepped between the cars, and the derrick car moved towards the coal car catching plaintiff's foot between a wheel and the rail and ran over it so that he lost his foot and leg. The foreman ordered the engineer on the derrick car to come ahead. The evidence tends to show that the foreman had never before given the order to move the derrick before the men arranging the coupling had got it ready and retired to a safe place, and that the signal or direction to the engineer to move the car had always been given by the man working at the coupling. The plaintiff testified that he did not know of and had not heard or seen any order or signal to the engineer to move the derrick, when he undertook to comply with the order of the foreman.

The principal contention of the defendant is that the orders were given to the plaintiff and the engineer at the same time, and that plaintiff heard the order to the engineer to come ahead, and that the plaintiff

was not in the exercise of ordinary care in stepping between the cars when the engineer had been directed to move the derrick. If the plaintiff did not know of an order or signal to the engineer to start the derrick forward, the plaintiff was very liable to be injured because the ballast and the top of the rail were on a level and the distance back from the front of the car where the space between the wheel and the rail would catch a man's foot, if any part of it should be on the rail or just inside the rail, was but a very few inches. The question of negligence on the part of the defendant and the exercise of ordinary care by the plaintiff were questions of fact concerning which, when all the evidence bearing on the questions is considered, this court would not be justified in interfering with the verdict of the jury. We cannot say the verdict is not sustained by the preponderance of the evidence.

The only other contentions of defendant are that the court erred in the admission and rejection of evidence. The witness Askew, who was defendant's foreman at the time of the injury to appellee, but who was not in the employ of appellant at the time of the trial, made a statement in writing to appellant that he had not given any order to move the derrick at the time of the accident. As a witness for the plaintiff he testified that he did direct the moving of the derrick car. On re-examination by the plaintiff he was asked to explain the statement and whether it was true or not. An objection was overruled and the witness replied he was then working for the Company and didn't care to take any blame on himself. A party whose witness is impeached by contradictory statements is entitled to the circumstances under which the contradictory statement was made, but the party who had impeached the witness by showing contradictory statements was not entitled to further examine on the question. *Atchison, T. & S. F. R. Co. v. Feehan*, 149 Ill. 202; 1 Greenleaf on Evidence, sec. 462.

Objections were sustained to other questions put to Askew and plaintiff on cross-examination concerning their testimony given on a former trial for the purpose of impeachment. The questions were either repetitions of questions already answered or were not contradictory of their evidence on this trial. The trial court appears to have been liberal in permitting the repetition of questions already answered either in the same or in different forms.

It is also insisted that the court erred in sustaining objections to questions put to plaintiff as to how fast the derrick could be started and moved. Both sides agree that the car could not be run over one or two miles an hour, or faster than a man would walk. While it would not have been error to have overruled the objections it was not reversible error to sustain them. We find no merit in any of the contentions of defendant or reversible error in the case and the judgment is affirmed.

*Affirmed.*

---

**Oscar Mandel and Albert Schwarzman, Defendants in Error, v. Bloomington and Normal aRilway and Light Company, Plaintiff in Error.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed July 2, 1914.

### Statement of the Case.