## NEW YORK, C. & ST. L. R. CO. v. BOULDEN.

### No. 4848.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1933.

SPARKS, Circuit Judge (after stating the facts as above).

The complaint is in three paragraphs and their differences which are slight relate to the charges of negligence. Appellee testified that the accident was caused by striking his foot against the post, and from this fact it is quite obvious that the negligence relied upon was in permitting the post to protrude above the cinders. Hence the questions presented for our consideration are: (1) Whether there was negligence in permitting the post to protrude above the cinders; and (2), if so, whether it was so normal an incident to appellee's employment or so clearly observable that he could be held to have assumed the risk of it.

This action is brought under the Federal Employers' Liability Act, c. 149, §§ 1 and 3, 35 Stat. 65 and 66, 45 USCA §§ 51 and 53.[1]

Under this Act an employer is not an insurer of a safe place to work for his employee, but he is liable only for his negligence in respect thereto. Missouri Pacific R. Co. v. Aeby, 275 U. S. 426, 48 S. Ct. 177, 72 L. Ed. 351. An employer has a right to presume that his employee will exercise care for his own safety, and an employer is not to be held negligent merely because he did not guard against the negligence of his employee. New York, Chicago & St. Louis R. Co. v. Ostman, 146 Ind. 452, 45 N. E. 651; Pittsburgh & Connellsville R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684; Texas & Pacific R. Co. v. Eason (C. C. A.) 92 F. 553. When an injury to an employee is alleged to have been caused by an act or omission to act on the part of the employer, and such injury was not the natural and probable consequence of such act or omission, and should not reasonably have been foreseen as a result of such act or omission, then a recovery by such employee will be denied, either for the reason that such act or omission

Russell P. Harker, of Frankfort, Ind. (L. L. Bomberger, of Hammond, Ind., and W. J. Stevenson, of Cleveland, Ohio, of counsel), for appellant.

H. H. Patterson, of Chicago, Ill. (Edmund C. Maurer, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

[1] 45 USCA § 51: "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

45 USCA § 53: "In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *."

was not negligent, or that it was not the proximate cause of the injury. New York, New Haven & Hartford R. Co. v. Dailey (C. C. A.) 179 F. 289; Great Northern R. Co. v. Johnson (C. C. A.) 207 F. 521.

■ Ordinarily, the questions of negligence and the assumption of risk are questions of fact for the jury to determine unless the facts are not inconsistent and present a situation so plain that intelligent men would not draw different conclusions from them. Western Stone Co. v. Muscial, 196 Ill. 382, 63 N. E. 664, 89 Am. St. Rep. 325; Christiansen v. Wm. Graver Tank Works, 223 Ill. 142, 79 N. E. 97, 7 Ann. Cas. 69; Martin v. Wabash R. Co. (C. C. A.) 142 F. 650, 6 Ann. Cas. 582; Klotz v. Power & Mining Machinery Co., 136 Wis. 107, 116 N. W. 770, 17 L. R. A. (N.S.) 904. Therefore unless the facts in the instant case are inconsistent with the existence of negligence and present a situation so plain that intelligent men would draw the same conclusion, that is to say, that appellant was not guilty of negligence, then it must be conceded that the question of appellant's negligence was properly submitted to the jury, and in that event we are bound by the verdict as to the existence of negligence. Likewise, unless the facts relating to the existence and maintenance of the post in the platform in the condition in which it was at the time of the accident, present a situation so plain that intelligent men would draw the same conclusion, that is to say, that the post was an ordinary risk of appellee's employment, or an incident thereto, then the question of the assumption of risk was properly submitted to the jury, and we cannot disturb its finding in that respect.

■ Aside from the question of assumption of risk, we are convinced that the court properly submitted the question of appellant's negligence to the jury. The projection of the post above the cinders was in no respect necessary to the performance of appellant's or appellee's legitimate duties, and we think it cannot be said that intelligent men would at once agree that it was not negligence on appellant's part to permit said post to extend above the surface of the platform at any place where persons upon the trains were accustomed and impliedly invited to alight. It may be conceded, as appellant suggests, that it should not be required to maintain as expensive a platform in a small town as in a large city, but that fact cannot excuse it from liability for maintaining the less expensive platform in a negligent manner. It

may reasonably be inferred from the evidence that the condition of the post at the time of the accident was largely caused by rain washing the cinders from around the post through the joint of the girders, and this condition was permitted to remain the same for one year immediately preceding the accident. These facts constitute substantial evidence in support of the verdict that appellant was guilty of negligence.

■■ The question then arises whether the condition of the post was a risk which was normally incident to appellee's employment. An employee assumes all such risks whether known to him or not. Delaware, Lackawanna & Western R. Co. v. Koske, 279 U. S. 7, 49 S. Ct. 202, 73 L. Ed. 578; Jacobs v. Southern R. Co., 241 U. S. 229, 36 S. Ct. 588, 60 L. Ed. 970; Seaboard Airline Ry. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. An employee assumes all risks arising from the negligence of his employer, if such risks are known to him, or are so obvious and so plainly observable that an ordinarily prudent person would have known of them. Southern Pacific R. Co. v. Berkshire, 254 U. S. 415, 41 S. Ct. 162, 65 L. Ed. 335; Missouri Pacific R. Co. v. Aeby, supra; Delaware, etc., R. Co. v. Koske, supra. When a risk is plainly observable, knowledge thereof and appreciation of the danger therefrom will be presumed. Butler v. Frazee, 211 U. S. 549, 29 S. Ct. 136, 53 L. Ed. 281; Jacobs v. Southern R. Co., supra; New York, C. & St. L. R. Co. v. McDougall (C. C. A.) 15 F.(2d) 283.

■ The existence of the condition in which the post was found at the time of the accident certainly was not necessary to the performance of appellee's duties, and if he is to be held as having assumed the risk pertaining to it, it must be by reason of the fact that he had knowledge of its presence, or by the exercise of reasonable diligence could have discovered it.

It is quite true that for a great number of years appellee, in the performance of his duties, had passed daily through the town of Swayzee, but most of the time his train did not stop. On many occasions it did stop at that station, but the evidence does not disclose that the condition complained of existed for more than one year prior to the accident, and it is not unreasonable to believe that during that year appellee had not discovered the defect and that he was not negligent in exercising his powers of observation. The evidence does not disclose that

he was often in the vicinity of the post. He said that prior to the accident he relied upon his brakeman to put the bills in the box whenever that duty was demanded, and while on a few occasions he had handled local freight at Swayzee, it will be remembered that the post was south of the waiting room door, and the agent's office was east of that room and the freight room was east of the agent's office. Under these circumstances we cannot say that appellee had actual or implied knowledge of the condition of the post.

 In approaching the station appellee was charged with knowledge of what he saw, or could have seen had he looked. The law did not require him to look in any particular direction at any particular time, nor to keep his eyes riveted on any particular spot, but he was required to observe all places where danger was likely to be, and in doing this he was bound to exercise that care which an ordinarily prudent person would have exercised under all the circumstances of the situation.

 When appellee was standing on the stirrup of the car, immediately prior to alighting, and while he was thus riding for a distance of from three to five car lengths, we think it cannot be said that at all times he could have seen the condition of the post if he had looked. The evidence relating to the extent of the projection varied from one to seven and one-half inches. It may be that neither extreme is correct, but if the real projection even approximated one inch it perhaps would not have been observable until appellee was rather close to it. In one photograph exhibited to the jury the projection is not easily discernible, and in taking this picture the camera was not at a great distance from the post. The other photographs which were exhibited show, however, a much greater projection, and these differences were no doubt due in a large part to the different positions of the camera. From a perusal of all the evidence it is not clear at what distance appellee while riding on the car could have seen the post. Whether he was guilty of negligence in not looking sufficiently is a question concerning which the evidence was conflicting and we are convinced that it was properly left to the jury.

 Appellant contends that appellee was negligent in alighting from the car in not stepping more than thirteen inches north of the stirrup of the car in which he was standing at the time he alighted. The train was traveling at a rate of speed not to exceed six to eight miles an hour, and we cannot say

as a matter of law that under such circumstances appellee was negligent in this respect.

 Whether under all the circumstances the projecting post constituted a risk normally incident to appellee's employment is a question concerning which we feel quite sure that intelligent men might disagree, and it was properly submitted to the jury.

Judgment affirmed.