## NORTHERN PAC. RY. CO. v. BERVEN.
### No. 7548.

Circuit Court of Appeals, Ninth Circuit.
Nov. 15, 1934.

L. B. daPonte and Robert S. MacFarlane, both of Seattle, Wash., and J. W. Quick, of Tacoma, Wash., for appellant.

Frank C. Hanley, of Portland, Or., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from a verdict and judgment for plaintiff-appellee, in the amount of $7,500, for injuries sustained by appellee through the alleged negligence of appellant, while employed as a car repairer in the shops of appellant at South Tacoma, Wash. By virtue of section 7693, Remington's Compiled Statutes of Washington 1922, as amended by Laws Wash. 1925 (Ex. Sess.) p. 98, the action is controlled by the provisions of the Federal Employers' Liability Act, 45 USCA §§ 51–59.

The principal assignments of error challenge rulings of the trial court denying appellant's motions for nonsuit and a directed verdict, interposed on the ground (1) that

the evidence fails to establish negligence on its part, and (2) that the evidence shows appellee assumed the risk.

Appellee had been employed in the car repair shops for about ten years prior to the accident which gave rise to this suit. He was working in a building known as the "wheelhouse," where the wheels are repaired and light car repairing is done. At the time of the accident, his duties were car repairing.

In front of the wheelhouse is a wooden platform, and adjoining the platform, and parallel thereto, is a depressed track, known as the "pit track," which is sunken low enough to allow the top of a flat car placed on the track to be even with the top of the platform, thus facilitating the loading and unloading of car wheels. Beyond the pit track is a storage track, used for the storage of wheels, and between these two tracks is another wooden platform. Along the other side of the storage track is a third wooden platform, at one end of which is a material shed where materials used for car repairing are kept. To form a level passageway from the wheelhouse to the material shed on the farthest platform, a flat car is kept on the pit track at the door of the wheelhouse, and the space between the rails on the storage track is filled with planking, which makes a complete and level crossing, as the rails of the storage track are level with the platforms. Flat strips of iron of different sizes, some nailed down and others unsecured, are placed at various points on the platforms to facilitate the rolling of the heavy car wheels thereon, as it is very difficult to roll the wheels over the rough wooden boards of the platforms.

A strip of such iron, about five feet long, four or five inches wide, and one-quarter of an inch thick, was nailed on the platform crossing just inside a rail of the storage track, running lengthwise with the rail, but it was nailed in the middle only and one end of it had curled up three or four inches. It was on this piece of iron that appellee caught his foot and tripped, resulting in his injuries. The accident occurred while he was returning from the material shed carrying several pieces of lumber on his shoulder.

The negligence charged is that appellant failed to provide a reasonably safe place to work, or a safe footing on the platform, and permitted the spikes that held the piece of iron flat to the surface to become loose and the end thereof to curl up, thus obstructing the platform and footpath, and that appellant failed to warn appellee of that dangerous condition. By its answer, appellant denied that it was negligent in maintaining the condition complained of, and pleaded assumption of risk by the employee.

The principles of law applicable to an action under the Federal Employers' Liability Act (45 USCA §§ 51–59) have been enunciated many times. Negligence on the part of the employer and a causal connection between the negligence charged and the injury sustained is the basis of the action. Delaware, etc., R. R. v. Koske, 279 U. S. 7, 10, 11, 49 S. Ct. 202, 73 L. Ed. 578; Atchison, etc., Ry. v. Saxon, 284 U. S. 458, 459, 52 S. Ct. 229, 76 L. Ed. 397; New York, C. & St. L. R. Co. v. Boulden (C. C. A. 7) 63 F.(2d) 917, 919; Wheelock v. Freiwald (C. C. A. 8) 66 F.(2d) 694, 697.

It appears that the sheets of iron which are used to facilitate the rolling of the heavy car wheels on the platforms are usually nailed down, but the spikes holding them often work loose when the wheels are rolled over them, causing the iron strips to buckle and curl up at the ends. The rotten condition of the wood in the platform is another reason the spikes holding the iron strips work loose. Some of these iron strips are left laying around loose so that they can be conveniently moved to different positions when the wheels are being moved to the storage track. The strip of iron over which appellee tripped, however, was intended to be and should have been nailed securely. An employee of the shops testified regarding it as follows: "It had been nailed, and was nailed at one end and up close to the center, but the other end * * * was sticking up three or three inches and a half. * * * It sloped like a sleigh run. There were nail holes in it. The proper way of fastening these pieces is to nail them down with spikes driven through the holes. There is no part of it supposed to extend up. If it is up that way it is liable to cause an accident or something, and we most generally tried to keep it nailed down. It was my duty to keep it nailed down when I was on the job. It is the duty of whoever was on the job at the time. I have nailed this one down at different times when it was sticking up. My foreman advised me whenever I see anything like that to nail it down."

There is other evidence to the same effect. From what we have set forth, it is clear that there is substantial evidence to support the verdict of the jury that appellant was guilty of negligence. The question of negligence was therefore properly submitted to

the jury. As said in New York, C. & St. L. R. Co. v. Boulden (C. C. A.) 63 F.(2d) 917, 920, supra, unless the facts be "inconsistent with the existence of negligence and present a situation so plain that intelligent men would draw the same conclusion, that is to say, that appellant was not guilty of negligence, then it must be conceded that the question of appellant's negligence was properly submitted to the jury, and in that event we are bound by the verdict as to the existence of negligence."

There remains the question of assumption of risk. As said by the Supreme Court in Delaware, L. & W. R. Co. v. Koske, supra, 279 U. S. 7, 49 S. Ct. 202, 204, 73 L. Ed. 578, " * * * except as provided in section 4 of the [Employers' Liability] Act [45 USCA § 54] the employee assumes the ordinary risks of his employment; and, when obvious or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees."

In Wheelock v. Freiwald (C. C. A.) 66 F.(2d) 694, 698, supra, the rule is stated as follows: "The risks assumed by an employee are those ordinarily incident to the discharge of his duty in the particular employment, and also those not ordinarily so incident, but of which he has actual or constructive knowledge, with full appreciation of the danger that may flow therefrom." See, also, Chesapeake & Ohio Ry. v. De Atley, 241 U. S. 310, 315, 36 S. Ct. 564, 60 L. Ed. 1016; New York, C. & St. L. R. Co. v. Boulden (C. C. A.) 63 F.(2d) 917, 920, supra.

The question of assumption of risk is ordinarily for the jury, "unless the facts are not inconsistent and present a situation so plain that intelligent men would not draw different conclusions from them." Boulden Case, supra. "In a clear case the question of assumption of a risk by the employee is one of law for the court, but where there is doubt as to the facts or as to the inferences to be drawn from them, it becomes a question for the jury." Falyk v. Pennsylvania R. Co., 256 Pa. 397, 100 A. 961, 963. In Kanawha & Michigan Railway Co. v. Kerse, etc., 239 U. S. 576, 581, 36 S. Ct. 174, 60 L. Ed. 448, cited by this court in Northwestern Pac. R. Co. v. Fiedler, 52 F.(2d) 400, 403, the Supreme Court said the burden of proof of assumption of risk is on the defendant, and unless the evidence tending to show it is clear and free from contradiction, the trial court cannot be charged with error in refusing to take the question from the jury.

The crossing where the accident occurred was used by many persons daily, and there is testimony that the piece of iron over which appellee tripped and fell had been protruding in the manner described for several weeks. However, appellee testified that he had not used the crossing for a couple of weeks before that day because he had had no occasion to go to the material shed for lumber. So far as the record discloses, his work was confined to the wheelhouse, and he was not required to move wheels from place to place. He testified that he "never rolled any wheels." He did not use the crossing when going to the material shed that day, but returned on it because it was easier to do so with the lumber he was then carrying. He admitted that the piece of iron was in plain view, but said that he did not notice it before he fell and had never seen it before. He knew that wide strips of iron are used on the platforms to facilitate the rolling of the wheels thereon, and that the weight of the wheels and the rotten condition of the wood in the platforms cause the iron strips to curl up at the ends, but said that he had never seen small (narrow) strips like the one over which he tripped.

Under these circumstances, it seems to us that the question of assumption of risk, that is, whether the piece of iron over which appellee tripped and fell constituted a risk normally incident to his employment, or an obvious condition which he should have observed, was a question upon which intelligent men might disagree, and, accordingly, it presented a question of fact for the jury to determine. The court did not err, therefore, in submitting the question to the jury.

We find no reversible error in the record, and the judgment is therefore affirmed.